UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>         Plaintiff,<br><br>    -against-<br><br>ICAHN SCHOOL OF MEDICINE AT MOUNT SINAI et al.,<br><br>         Defendants. | 24-cv-7688 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Upon further review of plaintiff's motion to proceed under a pseudonym, the motion is DENIED. *See* Dkt. 8-4.

The Second Circuit has outlined a ten-factor test that district courts should apply to determine whether a party may use a pseudonym in a pleading:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008). But a district court need not "list each of the factors or use any particular formulation" in reaching its conclusion. *Id*. at 191 n.4.

Doe doesn't come close to showing that the balance of these factors weighs in his favor. *See United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) ("[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, *a party must make a case rebutting that presumption*." (emphasis added)). After reciting the test above and asserting that "all factors" support allowing him to proceed anonymously, Doe's motion states:

> (32) To-date, Plaintiff's identity has been kept confidential by the parties.
>
> (33) Furthermore, the basis for the Plaintiff's application is twofold: (i) it concerns sensitive confidential employment matters, and (ii) more importantly those sensitive matters are inextricably connected to confidential government contracts.
>
> (34) Moreover, the public interest in Plaintiff's identity is virtually non-extent.

Dkt. 8-4 at 7.

This isn't sufficient. Plaintiff alleges one of the *Sealed Plaintiff* factors bends in his favor (that his identity has been kept private so far), and defendants don't object to plaintiff proceeding under a pseudonym, which goes to another. But there is no showing on the other factors.

First, on plaintiff's claim that this case concerns sensitive employment matters, there is no suggestion in the complaint or anywhere else that this case is any more sensitive than what is usually at stake in employment-discrimination cases. *Cf. Doe v. Del Rio*, 241 F.R.D. 154, 160 (S.D.N.Y. 2006) ("The facts of this case are not the sort of exceptional circumstances that in and of themselves justify overriding the constitutional presumption of openness."). To that end, courts in this Circuit have required plaintiffs bringing employment discrimination and retaliation claims based on much more graphic facts than those alleged here to proceed openly. *See Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405-08 (S.D.N.Y. 2019).

Second, though plaintiff asserts that his suit is "inextricably connected to confidential government contracts," he offers nothing more. Once again, it is plaintiff's "burden to rebut the presumption that [he] must identify [himself] by name and to show that this is the exceptional case where [he] can proceed by pseudonym." *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *4 (S.D.N.Y. July 13, 2022).

Finally, contrary to plaintiff's claim, the public has an interest in this case proceeding openly. This suit involves private actors on both sides of the v. "In private civil suits, courts recognize there is a significant interest in open judicial proceedings since such suits do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 532 (S.D.N.Y. 2021) (internal quotations omitted). And plaintiff's claims are against one of the most prominent medical institutions and teaching hospitals in the country, giving the public "a legitimate interest" in knowing all the facts involved. *See Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) ("[L]awsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties"). On top of this, plaintiff's claims are factual, not legal in nature. *See Sealed Plaintiff*, 537 F.3d at 190.

At the end of the day, plaintiff's motion is based on his desire to proceed under a pseudonym, and defendants' ambivalence to him doing so at this juncture. More is needed to justify deviating from the requirement that public litigation occur publicly. For these reasons, plaintiff's motion to proceed under a pseudonym is denied. Plaintiff must file an amended complaint within 14 days of this order. Plaintiff may, within seven days, file a brief providing additional reasons why he should be allowed to proceed under a pseudonym, and the Court will consider it. However, that brief must analyze the *Sealed Plaintiff* factors in detail and provide cases where similarly situated plaintiffs were permitted to proceed under a pseudonym.

SO ORDERED.

Dated: October 29, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge

3