UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN GURSAHAI<br><br>                    Plaintiff,<br><br>-against-<br><br>ICAHN SCHOOL OF MEDICINE AT MOUNT SINAI, ERIC J. NESTLER, LIDIJA IVIC, and BARBARA G. VICKREY,<br><br>                    Defendants. | 25-CV-5111 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Susan Gursahai requests that the Court consolidate her case with *Pasinetti v. Icahn School of Medicine at Mount Sinai et al.*, 24-CV-7688. She has also filed a preliminary "motion for injunctive relief, staying her employment separation." The unopposed motion to consolidate, Dkt. 8, is GRANTED. Gursahai's motion for a preliminary injunction, Dkt. 9, is DENIED.

"A preliminary injunction 'is one of the most drastic tools in the arsenal of judicial remedies.'" *Two Hands IP LLC v. Two Hands Am., Inc.*, 563 F. Supp. 3d 290, 298 (S.D.N.Y. 2021) (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)). "It 'should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Id.* (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *Id.* (quoting *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018)).

*First*, Gursahai has failed to show irreparable harm. Gursahai asks to stay her employment separation, but she was terminated *before* she filed her motion, so preliminary injunctive relief isn't appropriate. *See Kane v. De Blasio*, 19 F.4th 152, 172 n.20 (2d Cir. 2021) ("Preliminary injunctions are appropriate only to prevent *prospective* harm until the trial court can decide the case on the merits."). Even if Gursahai were still employed, "[l]oss of employment does not in and of itself constitute irreparable injury," *Savage v. Gorski*, 850 F.2d 64, 67 (2d Cir. 1988). And monetary damages and reinstatement are possible remedies for that harm, making preliminary injunctive relief inapt. *See We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 295 (2d Cir. 2021); *cf. Siracusa v. New Hyde Park-Garden City Union Free Sch. Dist.*, 2024 WL 3875793, at *8 (E.D.N.Y. Aug. 19, 2024) ("Mere assertion of a constitutional injury . . . is insufficient to establish irreparable harm. . . . That is, constitutional harm is irreparable where it *cannot* be remedied through money damages" (emphasis added)).

*Second*, Gursahai hasn't shown serious questions or that she is likely to succeed on the merits. She claims she had an employment contract that was terminated without notice or the opportunity to be heard, in violation of her constitutional due process rights. But that argument requires an underlying protectable property interest in her employment. *See O'Neill v. City of Auburn*, 23 F.3d

685, 688 (2d Cir. 1994). Gursahai hasn't shown that she has such an interest. Defendants assert that Gursahai was at at-will employee, which precludes her claim because "[e]mployees at will have no protectable property interest in their continued employment," *Abramson v. Pataki*, 278 F.3d 93, 99 (2d Cir. 2002). In response, Gursahai says she has an employment contract, but the document she seems to point to is an "Assignment Agreement" between defendant Icahn School of Medicine and the Bronx Veterans Affairs Medical Center. And that Agreement—which Gursahai signed not as a party but as the "Assigned Employee"—even states that she "ha[s] been informed that [her] assignment may be terminated at any time." Dkt. 23-1 at 5. Gursahai offers no other evidence that her employment was anything but at-will, so she hasn't met her burden to show that she is likely to succeed on the merits.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 8 and 9.

SO ORDERED.

Dated: February 3, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge