UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIULIO MARIA PASINETTI,<br><br>                     Plaintiff,<br><br>        -against-<br><br>ICAHN SCHOOL OF MEDICINE AT MOUNT SINAI, JESSICA MOISE, ERIC J. NESTLER, and BARBARA G. VICKREY,<br><br>                    Defendants. | 24-cv-7688 (AS)<br><br><u>OPINION AND ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

This opinion addresses the pending motions to dismiss in this case, which stems from various disciplinary measures taken by defendants in the wake of sexual harassment allegations leveled against plaintiff.

First up is defendants' motion to dismiss the second amended complaint. While plaintiff did submit a brief in opposition to that motion, it does not meaningfully engage with defendants' arguments, and so dismissal is warranted for that reason alone. *See Abreu v. Fairway Mkt. LLC*, 2018 WL 3579107, at *1 (S.D.N.Y. July 24, 2018) ("Plaintiffs' failure to meaningfully engage with the Defendants' arguments amounts to a waiver of their opportunity to respond."); *see also BYD Co. Ltd. v. VICE Media LLC*, 531 F. Supp. 3d 810, 821 (S.D.N.Y. 2021) ("Failure to oppose [the] [d]efendant['s] specific argument in a motion to dismiss is deemed waiver of that issue" raised by the defendant. (quotations omitted)).

However, the Court has independently reviewed the second amended complaint and has tried to make sense of plaintiff's opposition brief. The Court agrees with defendants that the motion to dismiss the second amended complaint should be granted on the merits for the following reasons:

1. Plaintiff's defamation per se claim is dismissed as it is based on statements of opinion. As far as the Court can tell—because plaintiff failed to identify the statements he was relying on for this claim, *see* Dkt. 91 at 16—the statement at issue was defendant Nestler saying "I don't trust Dr. Pasinetti's science." *See* SAC ¶¶ 52–56 (identifying only this statement); Dkt. 91 at 10 (same). That's plainly an opinion, and as the Second Circuit has made clear, "expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation." *Rapaport v. Barstool Sports Inc.*, 2024 WL 88636, at *2–3 (2d Cir. Jan. 9, 2024) (quotations omitted).

2. Plaintiff's claim for First Amendment retaliation is dismissed for failure to adequately allege that defendants may be held liable as state actors. While there are conclusory allegations in a footnote of the second amended complaint that "[e]ach of the defendants are state actors by reason that they act inextricably with the federal government NIH and CDC, and as to the business of said entities," SAC ¶ 5 n.1, there are no plausible factual allegations underlying that assertion, and indeed, the complaint alleges the opposite, that defendants acted independently from NIH and CDC in taking actions against plaintiff. *See, e.g.*, SAC ¶¶ 40–41 (alleging that "independent" of NIH, defendants had worked to have plaintiff's contracts suspended); 46 n.5 (alleging defendants "never meaningfully complied with [NIH's] request" and NIH "had not forced that compliance"); *see also id.* ¶ 35 (alleging defendants "lobb[ied]" the "United States Department of Veteran Affairs" to "terminate Mr. Pasinetti's grant work," not the other way around).[1] Plaintiff's nonconclusory allegations show that he is advancing a theory of purely private action, where defendants allegedly took unfounded actions as private actors to injure him. Indeed, if there were a plausible theory of state action, then one would expect NIH or CDC to be defendants in this case. They're not.

Plaintiff's sole argument on state action in his opposition brief confirms this: He says that "Defendants acted pursuant to the business of the United States government, alleging that they were punishing the Plaintiff for engaging in misconduct in relation to grant work of the United States Government." *See* Dkt. 91 at 15. Plaintiff doesn't cite to the complaint or otherwise explain what "misconduct in relation to grant work" he is referring to. As far as the Court can tell, the connection is that plaintiff used federal grant money in his work for defendant Icahn School of Medicine. But punishing plaintiff due to alleged misconduct in relation to government grant work isn't enough to show state action, nor does plaintiff cite to any authority supporting such a claim. Similarly, to the extent plaintiff alleges that defendants are state actors merely for complying with generally applicable NIH rules and procedures, there is no legal support for such a proposition.

At the end of the day, plaintiff seems to recognize that for defendants to qualify as state actors, he needs to be able to allege that they were coerced or significantly encouraged by the government to take the actions that they did. *See* Dkt. 91 at 15 (referring to "close nexus" test). But the complaint alleges the opposite: that defendants unilaterally torched plaintiff's career and that they duped the government to achieve their goals. *See, e.g.*, Dkt. 79 ¶ 46 & nn. 4–5 (alleging plaintiff "was being subjected to an action that [was] purely

---

[1] Plaintiff also alleges that "Defendants alleged that in response [to finding out about his disciplinary recommendation letter,] NIH ordered the Defendants to further punish Mr. Pasinetti." SAC ¶ 30. But plaintiff can't prevail by alleging that *defendants* alleged something, especially where the gravamen of the complaint is that this allegation was unfounded.

reflective of the Defendants' malice towards Dr. Pasinetti," and that "NIH had not forced that compliance"). That's not state action, nor does plaintiff explain how it could be.

3. Plaintiff's claim for tortious interference with contract fails because he hasn't alleged any contract was breached, and for the same reasons can't point to any actual, identifiable damages caused by such a breach. The second amended complaint appears to allege that the contracts at issue are contracts with the VA, but there's no allegation that the VA breached any contract with plaintiff. And in his opposition brief, plaintiff argues that the Court should deny this part of the motion to dismiss because "[t]he parties engage in federal grant contracts, the ebbs, and flows of which are heavily influenced by the Defendants who were actively engaged in an unlawful campaign to stop the Plaintiffs grant work, as alleged in the complaint." Dkt. 91 at 17. Commenting on the "ebbs, and flows" of contracts doesn't address the required element that plaintiff allege the breach of a contract.

4. Plaintiff's claim for negligent infliction of emotional distress is dismissed for failure to plausibly allege a breach of any duty of care, as well as any special circumstances or any danger to plaintiff's physical safety or fear for physical safety (given that he's failed to identify a guarantee of genuineness). *See Veras v. New York City Dep't of Educ.*, 2024 WL 3446498, at *6 (S.D.N.Y. July 17, 2024), *aff'd*, 2025 WL 2824851 (2d Cir. Feb. 6, 2025). The conclusory allegation that "Defendant breached its duty to the Plaintiff not to abuse its disciplinary authority and to do so on [a] fabricated basis" is insufficient. SAC ¶ 70.

5. Plaintiff's federal-whistleblower claim based on 5 U.S.C. § 2302(b)(8) is dismissed as this section pertains solely to federal employees and federal employers, and plaintiff and defendants are neither.

The dismissal is with prejudice due to plaintiff's dilatory motive and repeated failure to cure deficiencies. *See U.S. ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016). Plaintiff has had two chances to amend his complaint. He sought leave to file his second amended complaint after defendants' motion to dismiss the first amended complaint was already fully briefed. Dkts. 63, 79. And plaintiff moved to file a third amended complaint, Dkt. 95, the day after defendants' motion to dismiss the second amended complaint was fully briefed. To be clear, the proposed third amended complaint relies exclusively on facts that were available at the time the second amended complaint was filed, and which were available even at the time plaintiff sought leave to file a second amended complaint. Dkts. 63, 79. Indeed, plaintiff seems to have had a fully drafted "third amended complaint" as early as May 6, 2025. Dkt. 63-6. So he could have filed that as his second amended complaint on May 26, 2025. But he didn't. Instead, after asking for another extension (which the Court granted, Dkt. 72), plaintiff chose to file a different version of the complaint on May 29, 2025. Even if that had something to do with "an agreement, of sorts" between the parties, as plaintiff claims, Dkt. 91 n.1, none of that was presented to the Court, and nothing in the Court's May 20, 2025 order restricted plaintiff from including the contents of his "third amended complaint" in what he could file on May 29, 2025. Dkt. 68.

Given those circumstances, the Court will not force defendants to expend more time, effort, and money that could have been avoided if plaintiff were diligent. *See Hall v. United Techs., Corp.,* 872 F. Supp. 1094, 1102 (D. Conn. 1995) (failure to cure deficiencies until after three amended complaints and motions to dismiss were filed "evidences a dilatory motive" where "plaintiffs have offered no explanation for their failure to cure these defects"). In any event, the motion to amend the complaint a third time fails to directly address any of the legal arguments made by defendants in opposition to the second amended complaint. Rather than an honest effort to demonstrate why the third amended complaint meets and addresses the arguments raised by defendants, plaintiff's proposal to further amend his complaint seems like an effort to delay having to face the music of those arguments, by filing a daisy-chain string of complaints alleging different constellations of facts, in hopes that at the end of the day, something might stick. That is inappropriate. The complaint at issue is the second amended complaint, and plaintiff should have ensured that all operative facts that occurred prior to its filing were included in that complaint.[2] Having failed to meaningfully oppose defendants' motion to dismiss that complaint, dismissal with prejudice is warranted.

Plaintiff also identified in his complaint certain other parties, including NIH and CDC, as "respondents." NIH and CDC filed a motion to dismiss the case as to them, noting that there were no claims directed at them as defendants, and no grounds for their joinder as indispensable parties under Rule 19. Plaintiff failed to respond to respondents' motion, despite seeking leave to file a response by March 6, 2026. Dkt. 111. So for the reasons stated by respondents, their motion to dismiss is GRANTED as well.  That closes the loop on this case.

The Clerk for Court is respectfully requested to terminate Dkts. 87 and 107 and close this case.

SO ORDERED.

Dated: March 30, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

---

[2] Plaintiff notes that defendants consented to the filing of the second amended complaint, but not the third amended complaint. Dkts. 91 n.1; 95-1 at 2–3.